FILED
March 10, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001704537

Rene Lastreto (State Bar No. 100993)
Rl2@lrplaw.net
LANG, RICHERT & PATCH
5200 North Palm Avenue
Suite No. 401
Fresno, California 93704
Telephone No. (559) 228-6700
Facsimile No. (559) 228-6727

Michael Gerard Fletcher (State Bar No. 070849)
mfletcher@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor Citizen Business Bank

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>ENNIS HOMES, INC.,<br><br>Debtor. | CASE NO. 09-10848-WR<br><br>Chapter 11<br><br>DC No. FRBC-4<br><br>**CASH COLLATERAL MOTION LIMITED OPPOSITION OF SECURED CREDITOR CITIZENS BUSINESS BANK**<br><br>Date: March 11, 2009<br>Time: 1:30 p.m.<br>Place: Courtroom 11 (Fresno) |

TO: THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE.

Citizens Business Bank ("Citizens") is a secured creditor of debtor Ennis Homes, Inc. ("Debtor" or "Ennis"). As set forth in the Coolidge Declaration (Docket No. FRBC-3),

551962.1                                        1                                 30175-307
CASH COLLATERAL MOTION LIMITED OPPOSITION OF SECURED CREDITOR CITIZENS BUSINESS BANK

Citizens is owed approximately $3.6 million and is secured by the senior-most monetary encumbrances on Silver Springs development, which consists of 48 lots, of which 2 are model homes and 2 are partially built homes. Citizens also holds the senior-most encumbrance on a single lot located at 2204 Charlie Chambers Dr., Hanford, CA ("Charlie Chambers"). The Debtor's Schedules filed on February 13, 2009, admit the debt owed to Citizens on Schedule D, page 2 of 10, and state on Schedule A, page 1, that the value of the Silver Springs development is $2.945 million.

Citizens is filing this limited cash collateral motion opposition because it is unclear from the cash collateral motion filed by Ennis whether and to what extent Ennis is seeking to use the cash collateral of Citizens. One reading of the motion is that Ennis is not seeking to use Citizen's cash collateral, because Ennis seems to be seeking use of money on deposit at other institutions (which presumably are claimed as collateral by those institutions) and/or the proceeds of sales of lots from developments other than Silver Springs. However, it is also possible to conclude that Ennis may be seeking to use the proceeds of sales of lots encumbered in favor of Citizens. Neither the Brian Ennis declaration supporting the motion, nor the cash collateral budget attached to the motion, actually disclose which lots Ennis claims to have sold, or is planning on selling.

There is one reference in the Brian Ennis declaration to $685,260 "on deposit" at Chicago Title. But, Chicago Title is not a deposit taking bank, and that money would seem to be the proceeds from the sales of some real property somewhere. In fact, that money is referred to in Schedule B, page 3 of 3, line item 35 as "Funds held in escrow at Chicago Title for disputed liens on concluded sales." The motion is silent as to where those proceeds came from, from which project they were generated, or whose liens are or were being disputed.

Additionally, Ennis seems to believe that it needs only to offer adequate protection to banks that filed UCC-1 financing statements at the secretary of state level. It ignores the rights of

real property secured creditors like Citizens with rights in rents, issues, and profits. The cash collateral budget, however, posits the use by Ennis of the proceeds of 17 different home sale closings, in the aggregate amount of $3,926,397. The lots being sold are no where identified and Citizens can not tell from the motion if Ennis is planning on selling parcels encumbered to Citizens, or what the budgeted "Less release prices" means as to Silver Springs and Citizens.

Assuming that no proceeds from the sale of any real property encumbered in favor of Citizens are planned on being used, Citizens has no objection. If any portion of the amounts being budgeted comes from Citizens' collateral, however, its rights are not being adequately protected, or protected at all from the terms disclosed in the motion.

**WHEREFORE**, Citizens respectfully requests that the Court deny the use of any cash collateral from any property encumbered by the liens in favor of Citizens, and otherwise to provide to Citizens adequate protection of its rights and interests.

DATED: March 10, 2009

Respectfully submitted,

LANG, RICHERT & PATCH

and

FRANDZEL ROBINS BLOOM & CSATO, L.C.


By: /s/ Michael Gerard Fletcher
MICHAEL GERARD FLETCHER
Attorneys for Secured Creditor Citizen Business Bank