

8

HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 217
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
Email: hbedoyan@kleinlaw.com

Attorneys for Debtor-In-Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| In re: | Case No. 09-10848-A-11 |
|---|---|
| ENNIS HOMES, INC., | Chapter 11 |
| Debtor-In-Possession. | DC No.: KDG-14 |
| | Date: September 2, 2009<br>Time: 1:30 p.m.<br>Place: United States Bankruptcy Court<br>2500 Tulare Street, Fifth Floor<br>Department A, Courtroom 11<br>Fresno, California<br>Judge: Honorable Whitney Rimel |

**MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES FILED BY ENNIS LAND DEVELOPMENT, INC.;
ENNIS HOMES, INC.; AND ENNIS ENTERPRISES 190, LLC**

**TO THE HONORABLE WHITNEY RIMEL, U.S. BANKRUPTCY JUDGE**:

Ennis Homes, Inc. ("Ennis Homes") files its *Motion for Order Directing Joint Administration of Chapter 11 Cases Filed by Ennis Land Development, Inc.; Ennis Homes, Inc.; and Ennis Enterprises 190, LLC*; and represents:

**I. INTRODUCTION**

1. Federal Rule of Bankruptcy Procedure 1015(b) permits the Court to order joint administration of cases involving affiliates in cases where the affairs of the affiliates are sufficiently intertwined to make joint administration more efficient and economical than the administration of separate cases. The Court should order the joint administration of the

Chapter 11 cases of Ennis Homes, Ennis Land Development, Inc. ("Ennis Land"), and Ennis Entereprises 190, LLC ("Ennis Enterprises") because (1) Ennis Homes, Ennis Land, and Ennis Enterprises are Affiliates, (2) Ennis Homes is engaged in a common enterprise with Ennis Land and Ennis Enterprises, and (3) joint administration of the Chapter 11 cases would be efficient and economical for all parties involved.

## II.  BACKGROUND

2. Ennis Homes is a California corporation that is a residential construction home builder, conducting business primarily in Central California. It currently employs approximately 34 people. Ennis Homes constructs single family homes and develops lots on real property owned by Ennis Homes and Ennis Land. Ennis Homes commenced its Chapter 11 case by filing its Voluntary Petition under Chapter 11 of the Code on February 2, 2009.

3. Ennis Land is a California corporation doing business in the San Joaquin Valley. Ennis Land's business consists of acquiring and developing land for building and selling single family homes. Ennis Land owns 13 residential developments. Ennis Land filed a Voluntary Petition under Chapter 11 on July 17, 2009.

4. Ennis Enterprises is limited liability company that holds 190 acres of real property to be developed by Ennis Homes. Ennis Enterprises commenced its Chapter 11 case by filing its Voluntary Petition under Chapter 11 of the Code on June 5, 2009.

## III.  ENNIS HOMES, ENNIS LAND AND ENNIS ENTERPRISES ARE AFFILIATED

5. Common ownership creates an affiliate relationship between entities under 11 U.S.C. Section 101(2)(B). See *In re Lettick Typografic, Inc.* 103 B.R. 32, 39 (Bankr. D. Conn. 1989).

6. Ennis Homes and Ennis Land are affiliated because (1) Ben Ennis and his wife are the largest shareholders in Ennis Homes, (2) the president and 25% shareholder of Ennis Homes is Brian G. Ennis, and (3) Pamela R. Ennis is Secretary, Treasurer, and 25% shareholder of Ennis Homes. Brian G. Ennis and Pamela R. Ennis are officers and the sole shareholders of Ennis Land. However, Ennis Land is not a shareholder of Ennis Homes and Ennis Homes does not own shares in Ennis Land.

7.     Ennis Homes and Ennis Enterprises are affiliated because of the Ennis family relationship. Managing Member of Ennis Enterprises, Ben Ennis and his wife are the largest shareholders in Ennis Homes. The president and 25% shareholder of Ennis Homes is Brian G. Ennis. Pamela R. Ennis is Secretary, Treasurer, and 25% Shareholder of Ennis Homes. Brian and Pam Ennis are the children of Ben Ennis. However, Ennis Homes is not a member of Ennis Enterprises and Ennis Enterprises does not own shares in Ennis Homes.

8.     Ennis Land and Ennis Enterprises are affiliated because the manager of Ennis Enterprises, Ben A. Ennis, is the father of Brian G. Ennis and Pamela R. Ennis, who are all shareholders and officers of Ennis Land. However, Ennis Land is not a member of Ennis Enterprises and Ennis Enterprises does not own shares in Ennis Land. Ennis Enterprises' only member is the Ben and Roberta Ennis Family Trust. Ennis Land, Brian G. Ennis, and Pamela R. Ennis are creditors of Ennis Enterprises because they are guarantors for Ennis Enterprises' land loan with Bank of the Sierra.

9.     Ennis Homes requests that the court take Judicial Notice of the Statements of Financial Affairs filed by Ennis Homes, Ennis Land, and Ennis Enterprises in their respective Chapter 11 cases, which indicates the ownership and officers and managers of each entity.

### IV. ENNIS HOMES IS ENGAGED IN A COMMON ENTERPRISE WITH ENNIS LAND AND ENNIS ENTERPRISES

10.    Ennis Homes, Ennis Land and Ennis Enterprises are engaged in a common enterprise that is the purchase of land for development and resale as single family homes. Ennis Land is a land holding company that purchases tracts of land. Ennis Homes is a general building contractor that contracts with sub-contractors for the installation of site infrastructure and construction of homes on the land owned by Ennis Land. Also, Ennis Homes develops its own real property. Ennis Homes contracts with interested home buyers for the sale of homes. Ennis Land transfers homes and lots to be sold by Ennis Homes to Ennis Homes the day before they are sold to the interested home buyers. Ennis Homes then completes the sale of the homes to the buyers. Ennis Land is owed money by Ennis Homes because Ennis Land creates a note payable by Ennis Homes when Ennis Land transfers a lot to Ennis Homes. Ennis Enterprises is

1  a land holding company that holds land that will be developed by Ennis Homes. Therefore, Ennis Land, Ennis Homes, and Ennis Enterprises are engaged in a common enterprise with a unity of interest.

4  11. Almost all of Ennis Homes' major bank creditors are also Ennis Land's major bank creditors. Further, Ennis Homes and Ennis Land have cross guaranteed all of the major bank debts owed by each debtor. Most of the major bank debts are also guaranteed by Brian Ennis, Pam Ennis and Ben Ennis. The largest secured creditor in the Ennis Enterprises case, Bank of the Sierra, has a guaranty of its debt from the Ennis Land as well as guarantees from Brian and Pam Ennis. Therefore, there is significant overlap in the Ennis Homes' debts with those debts owed by Ennis Land and Ennis Enterprises because of the cross guarantees by the entities and individuals. Ennis Homes requests that the court take Judicial Notice of the Schedules D and H and Statement of Financial Affairs filed by Ennis Homes, Ennis Land, and Ennis Enterprises in their respective Chapter 11 cases.

14  12. There is a lot of overlap and confusion among subcontractors as to which entity, Ennis Homes or Ennis Land, owes the money to the subcontractor. Subcontractors regularly record mechanic's liens against property owned by either Ennis Land or Ennis Homes and name the other entity as the owner of the real property or the debtor. This demonstrates the close nature of the Ennis Homes and Ennis Land's businesses: The subcontractors see the two entities as engaged in a common enterprise.

20  13. Further, some tracts are owned in part by both Ennis Homes and Ennis Land. These commonly owned tracts are not owned in common, but several lots will be owned by one entity and the other lots by the other entity. Ennis Homes and Ennis Land will continue to work together for the development of all tracts owed by Ennis Homes and Ennis Land, but this will especially be necessary in the tracts where some lots are owned by Ennis Homes and other lots are owned by Ennis Land.

/ / /

/ / /

/ / /

## V. JOINT ADMINISTRATION OF CHAPTER 11 CASES IS APPROPRIATE AND ALLOWED UNDER THE LAW

14. Federal Rule of Bankruptcy Procedure 1015(b) permits the Court to order joint administration of cases involving related entities. These entities include a debtor and an affiliate. See Federal Rule of Bankruptcy Procedure 1015(b)(4). In such situations, the affairs of the related debtors may be sufficiently intertwined to make joint administration more efficient and economical than the separate administration of the cases.

15. Joint administration of an estate involves handling two or more cases together for administrative purposes and allows the Court to keep one docket. See *In re Coles*, 14 B.R. 5 (Bankr. E.D. Penn. 1981). Also, joint administration of cases allows pleadings which may be filed in duplicate or triplicate [i.e. one in each case] to be filed under one number. See *In re N.S. Garrott & Sons*, 63 B.R. 189 (Bankr. E.D. Alaska 1986). Furthermore, joint administration can enhance the fair treatment of creditors in bankruptcy cases by ensuring that all creditors receive notice of all matters filed or pending in the related cases.

16. Common ownership creates an affiliate relationship between entities under 11 U.S.C. Section 101(2)(B). See *In re Lettick Typografic, Inc.* 103 B.R. 32, 39 (Bankr. D. Conn. 1989). In the present case, Brian G. Ennis and Pamela R. Ennis are the sole shareholders of Ennis Land. Ben Ennis and his wife are the largest shareholders in Ennis Homes; Brian G. Ennis is the president and 25% shareholder of Ennis Homes; and Pamela R. Ennis is the Secretary, Treasurer, and 25% shareholder of Ennis Homes. Ennis Land, Brian G. Ennis, and Pamela R. Ennis are creditors of Ennis Enterprises because they are guarantors for Ennis Enterprises' land loan with Bank of the Sierra; however, Ennis Enterprises' only member is the Ben and Roberta Ennis Family Trust. These facts create an "affiliate" relationship between Ennis Land, Ennis Homes, and Ennis Enterprises within the parameters of Bankruptcy Rule 1015(b)(4).

17. Ennis Homes' affairs are sufficiently intertwined with Ennis Land and Ennis Enterprises to make joint administration more efficient and economical than the separate administration of the cases. This is true because Ennis Homes is engaged in a common

enterprise with Ennis Land and Ennis Enterprises as described above. Further, Ennis Homes, Ennis Land, and Ennis Enterprises will each be working with a similar set of creditors throughout the administration of their cases because the entities' major creditors are the same. Finally, Ennis Homes, Ennis Land, and Ennis Enterprises has a significant interest in the other entities' success because of the cross guarantees by the entities and individuals controlling the entities.

18. Ennis Homes, Ennis Land and Ennis Enterprises will be able to jointly manage their administrative matters and share in the cost administration if their cases are jointly administered. Ennis Homes, Ennis Land and Ennis Enterprises will be able to prepare and file a Joint Disclosure Statement and Joint Plan of Reorganization. Joint Administration will save the Bankruptcy Court substantial time and resources in handling one case as opposed to three cases. Creditors will save costs in dealing with one case as opposed to three. Also, Joint Administration will save Ennis Homes, Ennis Land, and Ennis Enterprises administrative costs associated with their Chapter 11 cases.

19. The Exhibit "A" attached hereto represents a caption that can be used if the Motion is granted and the three Chapter 11 cases are ordered to be jointly administered.

### VI.    CONCLUSION

Joint administration of the Chapter 11 cases filed by Ennis Homes, Ennis Land, and Ennis Enterprises will be more efficient and fair to all parties concerned than the separate administration of the three cases. Furthermore, the joint administration of the three Chapter 11 cases will avoid unnecessary costs and delays.

WHEREFORE, the Ennis Homes prays that:

1. *The Motion for Order Directing Joint Administration of Chapter 11 Cases filed by Ennis Land Development, Inc.; Ennis Homes, Inc.; and Ennis Enterprises 190, LLC*, be granted;

2. The Chapter 11 cases for Ennis Homes, Ennis Land, and Ennis Enterprises be jointly administered;

/ / /

3.  Documents should be filed in Ennis Homes Chapter 11 case and will be deemed to be filed in the Ennis Land and Ennis Enterprises Chapter 11 cases; and

4.  Ennis Homes be given such other and further relief as the Court deems just and proper.

Date: August 5, 2009

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP


By  */s/ Hagop T. Bedoyan*
Hagop T. Bedoyan,
Attorneys for Debtor-in-Possession

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit "A"

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| In re:<br><br>ENNIS HOMES, INC.,<br><br>    Debtor.<br>―――――――――――――<br>ENNIS LAND DEVELOPMENT, LLC,<br><br>    Debtor.<br>―――――――――――――<br>ENNIS ENTERPRISES 190, LLC,<br><br>    Debtor. | Case No.  09-10848-A-11<br>Jointly Administered with<br>Case No. 09-16750-A-11 and<br>Case No. 09-15237-A-11<br><br>Chapter  11<br><br>DC No.<br><br>Date:<br>Time:<br>Place:   United States Bankruptcy Court<br>           2500 Tulare Street, Fifth Floor<br>           Department A, Courtroom 11<br>           Fresno, California<br>Judge:  Honorable Whitney Rimel |