5

HAGOP T. BEDOYAN, CSB NO. 131285
T. SCOTT BELDEN, CSB NO. 184387
JACOB L. EATON, CSB NO. 244834
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 217
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847

Attorneys for Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>ENNIS HOMES, INC.,<br><br>Debtor-in-Possession.<br><br>In re:<br><br>ENNIS LAND DEVELOPMENT, INC.,<br><br>Debtor in Possession. | Case No. 09-10848-A-11<br>*Jointly administered with case no. 09-16750-A-11*<br><br>Chapter 11<br><br>DC No. KDG-28<br><br>Date: February 3, 2010<br>Time: 1:30 p.m.<br>Place: U.S. Bankruptcy Court<br>2500 Tulare Street, Fifth Floor<br>Department A, Courtroom 11<br>Fresno, California<br>Judge: Honorable Whitney Rimel |

**DEBTOR'S MOTION FOR AUTHORIZATION TO SELL
<u>REAL PROPERTY FREE AND CLEAR OF LIENS</u>
(Willow Glen, Parcel 4)**

TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE:

ENNIS LAND DEVELOPMENT, INC., the debtor-in-possession in the above-referenced Chapter 11 case ("Debtor"), respectfully moves for an order authorizing it to sell the bankruptcy estate's interest in 21.34 acres zoned for single family residential use, located in Tulare, California, to Liberty Elementary School District (the "Buyer") for the total purchase price of $2,990,000.00. The proceeds received from the sale will be used to pay the holder of the claim secured by the Property. Debtor respectfully represents the following:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a "core" proceeding pursuant to 38 U.S.C. § 157(b)(2). These matters have been referred to the Court by United States District Court for the Eastern District of California according to General Orders 182 and 223. Venue is properly in this Court pursuant to 28 U.S.C. 1409(a).

2. The Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code on July 17, 2009. No Trustee has been appointed and the Debtor is currently in possession of its estate.

3. This motion is based upon 11 U.S.C. § 363(b) and (f), Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure and Local Rule 9014-1 of the United States Bankruptcy Court for the Eastern District of California.

4. Debtor owns the real property known as Willow Glen, Parcel 4 subdivision located in Tulare, California ("the Property"). The legal description of the Real Property is included in the <u>Exhibits in Support of Motion for Authority to Sell Real Property Free and Clear of Liens</u> (Willow Glen, Parcel 4) as Exhibit "B." The Property consists of 21.34 acres of unimproved land.

5. The Debtor has entered the Agreement for Purchase and Sale of Real Property and Escrow Instructions ("Agreement for Sale") to sell the Property to the Buyer. A copy of the Agreement for Sale is included in the <u>Exhibits</u> ("the Exhibits") as Exhibit "A."

6. Pursuant to the Agreement for Sale, the purchase price of the Property is $2,990,000.00. A $25,000.00 deposit will be placed in escrow at First American Title Company, 99 South Tower Square, Tulare, California 93274 ("FATCO").

7. At the present time, the following liens of record are against the Property in the order listed:

| Creditor | Security Instrument | Date Recorded | Document No. | Estimated Amount of Claim |
|---|---|---|---|---|
| Wells Fargo Bank | Deed of Trust | June 22, 2007 | 2007-0058245 | $28,000,000.00 |

/ / /

A copy of a Preliminary Report prepared by First American Title Company for the Property is included in the <u>Exhibits</u> as Exhibit "C" (the "Preliminary Report").

8. Debtor requests authorization to sell the Property as described above free and clear of liens, claims, and encumbrances under 11 USC Sections 363(f)(1), (2) and (4).

9. Section 363(f)(1) of the Bankruptcy Code permits a sale free and clear of an interest if "applicable nonbankruptcy law permits sale of such property free and clear of such interest." See *In re Drexel Burnham Lambert Group, Inc.*, 120 B.R. 724, 735-736 (Bankr. S.D.N.Y. 1990). California law permits a judicially supervised sale of real property using the procedures for enforcement of a judgment (See generally California C.C.P. §§ 701.510, *et seq.*) and provides for the extinguishment of any junior liens. See California C.C.P. § 701.630 ("If property is sold pursuant to this article, the lien under which it is sold, [and] any liens subordinate thereto . . . are extinguished."). The distribution of the proceeds of such a sale is prescribed by C.C.P. § 701.810 that generally provides for the payment of costs of sale followed by payment of liens in order of priority, to the extent of the funds received. California law permits the sale of real property free and clear of the junior liens.

10. Section 363(f)(2) of the Bankruptcy Code permits a sale free and clear of an interest if "such entity consents." Notwithstanding the fact that the liens against the Property exceed the $2,990,000.00 purchase price, Debtor has negotiated a release with Wells Fargo Bank that will allow Debtor to sell the Property free of Wells Fargo Bank deed of trust. Wells Fargo Bank has agreed to reconvey its deed of trust against the Property upon receipt of all of the proceeds received from the sale of the Property except for reasonable closing costs. Therefore, the Property can be sold free and clear of the deed of trust held by Wells Fargo Bank.

11. No broker represented the Debtor in this transaction and, therefore, the estate shall pay not a commission for the sale of the Property.

12. Debtor believes that the value of the Property does not exceed the $2,990,000.00 price to be paid by the Buyer; however, the sale of the Property will be subject to higher and better bids being made in open court at the time of the hearing on the motion.

13. The following procedures shall govern the bidding unless otherwise ordered by the Court.

    a. Any party wishing to make an overbid at the time of the hearing must deliver a cashier's check payable to FATCO in the amount of $25,000.00 to Scott Belden, at the address appearing above, or open an escrow at FATCO and have $25,000.00 deposited, on or before the hearing on the Motion ("the Deposit").

    b. A successful bidder that does not complete the transaction forfeits its $25,000.00 deposit and the Property shall be sold to the next highest bidder.

    c. Bids must be made for the entire 21.34 acres.

    d. The initial overbid must be a minimum of $25,00.00 plus an additional $15,000.00 "break-up" fee as described below. Each bid after the initial overbid must be in $10,000.00 increments.

    e. If a third-party bidder is the successful bidder ("Successful Overbidder"), a break-up fee of $15,000.00 will be paid to the Buyer by the Debtor. The break-up fee will compensate Buyer for its time and expenses related to the pursuit of the Property. The break-up fee will be due and owing to Buyer upon consummation of the sale between Debtor and the Successful Overbidder. Buyer will not be entitled to a break-up fee if it is the prevailing bidder at the hearing on the Motion and then fails to complete the transaction or if the Buyer purchases the Property. Debtor will use the Deposit received from a Successful Overbidder to pay the break-up fee and the Deposit will not be applied to the purchase price of the Property.

14. The proposed sale to the Buyer is fair and equitable in that the sale of the Property is in the best interest of this bankruptcy estate.

15. Debtor also seeks authorization to pay any and all delinquent real property taxes and irrigation district assessments, if any, customary escrow and title insurance costs and pro-rated taxes and irrigation district assessments, if any, as of the close of escrow.

/ / /

16. Finally, Debtor seeks authorization to sign any and all title and escrow related documents that may be necessary or requested by the Buyer or First American Title Company in order to consummate the sale of the Property.

17. Bankruptcy Rule 6004(g) provides that an order authorizing the sale of property is stayed until the expiration of 10 days after entry of the order, *unless* the court orders otherwise (emphasis added). Debtor believes it is necessary for the court to waive the 10 day stay due to the requirements of the Agreement. Debtor believes that waiting for an additional ten days after the entry of the order would deter the Buyer and other potential buyers from purchasing the Property. Therefore, the Debtor requests that the 10 day stay period be waived.

WHEREFORE, Debtor prays that:

1. The Motion for Authority to Sell of Real Property Free and Clear of Liens (Willow Glen, Phase 4) be granted;

2. Debtor be permitted to sell the Property to Liberty Elementary School District for a total purchase price of $2,990,000.00 or to the highest or best bidder for an amount to be bid at the hearing on the Motion;

3. The bidding procedures described in the Motion be approved;

4. Buyer or other successful bidder at the hearing to be deemed a good faith purchaser under 11 USC Section 363(m);

5. The sale of the Property be free and clear of all liens, claims, and encumbrances;

6. Debtor be authorized to execute any and all documents required to effectuate the sale of the Properties;

7. The ten day period provided for by Bankruptcy Rule 6004(g) be waived; and

8. Debtor be given such other relief as the Court deems to be just and proper.

Date: January 11, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By _____
HAGOP T. BEDOYAN
T. SCOTT BELDEN
JACOB L. EATON
Attorneys for Debtors-in-Possession