**4**

HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 217
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847

Attorneys for Debtor-in-Possession

FILED
February 25, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002443227

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>ENNIS HOMES, INC.,<br><br>　　　　Debtor-in-Possession. | Case No. 09-10848-A-11<br>*Substantively Consolidated with case no. 09-16750-A-11*<br><br>Chapter 11<br><br>DC No. KDG-45<br><br>**Preliminary Hearing**<br>Date:　　March 10, 2010<br>Time:　　1:30 p.m.<br>Place:　　U.S. Bankruptcy Court<br>　　　　　2500 Tulare Street, Fifth Floor<br>　　　　　Department A, Courtroom 11<br>　　　　　Fresno, California<br>Judge:　　Honorable Whitney Rimel<br><br>**Final Hearing**<br>Date:　　April 2, 2010<br>Time:　　11:00 a.m.<br>Place:　　U.S. Bankruptcy Court<br>　　　　　2500 Tulare Street, Fifth Floor<br>　　　　　Department A, Courtroom 11<br>　　　　　Fresno, California<br>Judge:　　Honorable Whitney Rimel |

## MOTION BY DEBTOR FOR ORDER AUTHORIZING DEBTOR TO BORROW MONEY FROM UNITED SECURITY BANK

The *Motion by Debtor for Order Authorizing Debtor to Borrow Money from United Security Bank* filed by Ennis Homes, Inc. ("Debtor") represents as follows:

1. Ennis Homes, Inc. ("EH") filed a Voluntary Petition under Chapter 11 on February 2, 2009. Ennis Land Development, Inc. ("ELD") filed a Voluntary Petition under Chapter 11 on July 17, 2009. EH and ELD were substantively consolidated on January 25, 2010.

2. There are no Chapter 11 Trustee in this case and, therefore, the Debtor is also a Debtor-in-Possession.

3. Debtor intends to continue the residential development business of EH and ELD and confirm a Plan of Reorganization in the above-referenced case. A hearing on confirmation of the *First Amended Plan of Reorganization* ("the Plan") is set for April 2, 2010. However, Debtor does not have sufficient money to pay the necessary construction costs of pre-sold houses on 36 remaining lots within the property commonly known as Williams Ranch ("Williams Ranch"). The attorneys for United Security Bank ("USB") have presented the attorneys for Debtor with a Letter of Interest ("the Letter of Interest"), which is attached as Exhibit "A" to the *Exhibits in Support of Motion by Debtor for Order Authorizing Debtor to Borrow Money from United Security Bank* ("Exhibits") filed concurrently herewith. In order to properly continue construction on the pre-sold homes, Debtor needs $1,000,000.00 in revolving money to cover its construction costs on the subject homes.

4. Debtor is seeking authorization to borrow money from USB through the Motion to meet its development and construction costs for Williams Ranch. USB has agreed to provide a revolving loan with a maximum principal balance not to exceed $1,000,000.00 to Debtor to finance the development of Williams Ranch. The loan will be subject to interest at the rate of the Bank Prime Rate plus 1.0% with a floor of 6.5%. The money will be provided by USB to Debtor after Debtor has obtained Court approval to (a) borrow the funds and (b) grant USB a first-priority lien on Williams Ranch. The money loaned to Debtor will be used to pay Debtor's construction costs on the subject pre-sold homes and as a partial paydown on the loan in the amount of $35,000.00. The loan, and the other debts owed to USB, will be repaid from proceeds received from the sale of the homes from Williams Ranch as described in Paragraphs C.1), 5), 6), and 7) of the Letter of Interest. The loan shall be all due and payable on August 6,

2011. Further details of the loan can be found in the Letter of Interest attached as Exhibit "A" to the Exhibits.

5. The terms under which Debtor is seeking approval to borrow funds from USB are reasonable because (a) the interest rate is acceptable based on the financial circumstances of Debtor, (b) Debtor will be able to make payments to USB from the proceeds of the homes being constructed, and (c) Debtor will be able to continue their operations for the benefit of all its creditors if it is permitted to borrow the funds from USB.

6. There will be prejudice to Debtor and Debtor's creditors if the Motion is denied because Debtor will have insufficient funds to operate, generate a profit, and repay their creditors pursuant to the Plan as this funding is contemplated under the Plan. Funds to continue development will be necessary for optimal treatment of Debtor's creditors. Therefore, it is in all parties' best interests to grant the Motion.

7. 11 U.S.C. § 364(c)(2) provides that:

> (c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt--(2) secured by a lien on property of the estate that is not otherwise subject to a lien;

See also Federal Rule of Bankruptcy Procedure Rule 4001(c).

8. There will be sufficient proceeds from the sales of residential homes to repay USB. Debtor believes that it will generate gross revenues of about $220,000.00 per house if Debtor is able to continue to development of William Ranch.

9. Debtor believes that it is critical for it to obtain the $1,000,000.00 revolving loan to maintain its business operations so that it can reorganize its debt and repay its creditors. Debtor has exhaustively sought financing for its business operations on the best terms possible. Debtor has been unable to obtain funding for William Ranch through means other than the loan from USB.

WHEREFORE, Debtor prays that the Court make and enter its order:

1. Granting the *Motion by Debtor for Order Authorizing Debtor to Borrow Money from United Security Bank*;

2. Authorizing Debtor to borrow $1,000,000.00 from USB on the terms and conditions set forth in this Motion and the Letter of Interest;
3. Granting a first priority security interest against William Ranch as set forth in the attached Letter of Interest;
4. Authorizing Debtor to enter into a credit agreement and associated documents as necessary to effectuate the terms of the attached Letter of Interest
5. Authorizing Debtor to execute such documents as are required by USB to obtain the loan on the terms and conditions set forth in the Motion and the attached Letter of Interest; and
6. The granting of such other and further relief to Debtor as the Court may deem appropriate.

Date: February 25, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By _____
HAGOP BEDOYAN
T. SCOTT BELDEN
JACOB L. EATON
Attorneys for Debtor-in-Possession