4

HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
KALEB L. JUDY, CSB NO. 266909
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847

Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 09-10848-A-11 |
| ENNIS HOMES, INC., | Chapter 11 |
| Debtor-in-Possession. | DC No. KDG-51 |
| | Date: April 23, 2010<br>Time: 11:00 a.m.<br>Place: United States Bankruptcy Court<br>2500 Tulare Street, Dept. A<br>Courtroom 11, 5th Floor<br>Fresno, California<br>Judge: Honorable Whitney Rimel |

**MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS**
**(11 U.S.C. Section 363(f))**

Ennis Homes, Inc. ("Debtor") respectfully represents:

1. Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on February 2, 2009. No trustee has been sought or appointed in Debtor's Chapter 11 case and Debtor is a Debtor-in-Possession.

2. Debtor's primary business is building and selling single-family, residential homes. Debtor owns and has built a residential home located on Lot 45 of Phase 1 the Arbor Park development in Kings County, commonly known as 1141 West Canyon Way, Hanford, California ("the Property"). The sale contemplated by this Motion is in the ordinary course of

the Debtor's business, it cannot be consummated without an order of the Court. A legal description of the Property is attached as Exhibit "A"" to the <u>Exhibits in Support of Motion for Authority to Sell Real Property Free and Clear of Liens</u> filed herewith ("the Exhibits").

3. Debtor has contracted to sell the Property to Michael and Geana Maciel ("Buyers") for $169,449.00. Notwithstanding the contracted sale price, Debtor seeks authority to sell the Property to the Buyers for less than the contracted price, if the appraised value, as determined by the Buyer's lender for the Property, is less than the contracted price. In that event, the sales price will be within eight percent of the appraised value. Debtor has no connection with Buyers or persons related to Buyers and Buyers are "disinterested persons" as defined in 11 U.S.C. Section 101.

4. The offer received from the Buyers was obtained with the assistance of a real estate broker employed by Buyers and is subject to a broker's commission. Debtor does not believe that anyone will object to the payment of a real estate brokerage commission from proceeds received from the sale of the Property. The broker's commissions will be paid solely from the proceeds of the sale.

5. The Property is subject to liens of record as follows:

| Lienholder | Amount of Lien | Instrument | Date |
|---|---|---|---|
| Kings County Tax Collector | $551.93 | Real Property Taxes | 2008-2009 |

In addition to the liens listed above Debtor granted, and the Court ordered that Wells Fargo Bank, Valley Business Bank, and Tri-Counties Bank received replacement liens in Debtor's real property other than the real property that is subject to previously existing Wells Fargo Bank liens. See Orders Granting Motions for Use of Cash Collateral entered on April 2, 2009, May 13, 2009, August 12, 2009, September 27, 2009, December 4, 2009 and March 3, 2010.

6. Proceeds received from the sale of the Property will be distributed as follows:

    a. Payment of the usual costs of sale associated with the property sold,

    b. Payment of property taxes and irrigation district assessments against the property sold, and

          c.          Payment of the remaining proceeds to Debtor to be deposited in the Debtor-in-Possession bank account to be used by Debtor in the ordinary course of business according to the Orders Authorizing Use of Cash Collateral entered by the Court.

7. Proceeds received from the sale of the Property will not be sufficient to pay all of the debts secured by the Property. The Kings County Tax Collector will release its lien against the Property because the property taxes will be paid in full. Debtor believes that Wells Fargo Bank, Valley Business Bank, and Tri-Counties Bank will release their liens against the Property as long as the proceeds are used in accordance with further court orders allowing use of cash collateral.

### **Argument**

8. Debtor requests authority to sell the Property as described above free and clear of liens, claims, and encumbrances under 11 U.S.C. Sections 363(f)(2).

9. Section 363(f)(2) of the Bankruptcy Code permits a sale free and clear of an interest if "such entity consents". Any secured creditor that does not oppose this motion will be deemed to consent to the sale of the Property. Therefore, the Property can be sold free and clear of liens held by creditors that do not oppose this motion.

10. Bankruptcy Rule 6004(h) provides that an order authorizing the sale of property is stayed until the expiration of fourteen (14) days after entry of the order, *unless* the court orders otherwise (emphasis added). Debtor believes it is necessary for the court to waive the fourteen day stay due to the immediate need to sell the Property. Debtor believes that waiting for an additional fourteen days after the entry of the order would deter the Buyers from purchasing the Property, as escrow is currently set to close on April 30, 2010. Therefore, the Debtor requests that the fourteen day stay period be waived.

WHEREFORE, Debtor prays that:

1. The Motion for Authority to Sell of Real Property Free and Clear of Liens be granted;

2. Debtor be permitted to sell the Property to the Buyers for (a) the contracted price or (b) within eight percent of the appraised value, as determined by the Buyer's lender, if the appraised value is less than the contracted price; provided, however, that the ultimate sales price will be subject to the approval of the lender holding the deed of trust against the Property;

3. Sale of the Property be free and clear of all liens, claims, and encumbrances;

4. Debtor be authorized to execute any and all documents required to effectuate the sale of the Property;

5. The escrow company be permitted to distribute proceeds received from the sale of the Property as described herein including:

   a. Payment of the usual costs of sale associated with the property sold,

   b. Payment of property taxes assessed against the property sold, and

   c. Payment of the remaining proceeds to Debtor to be deposited in the Debtor-in-Possession bank account.

6. The fourteen day period provided for by Bankruptcy Rule 6004(h) be waived; and

7. Debtor be given such other relief as the Court deems to be just and proper.

Date: March 26, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By_____
HAGOP T. BEDOYAN
JACOB L. EATON
KALEB L. JUDY
Attorneys for Debtor