2009-10848
FILED
May 04, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002604013

4

HAGOP T. BEDOYAN, CSB NO. 131285
T. SCOTT BELDEN, CSB NO. 184387
JACOB L. EATON, CSB NO. 244834
KLEIN, DENATALE, GOLDNER,
　COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847

Attorneys for Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

In re:

ENNIS HOMES, INC.,

　　Debtor-in-Possession.

Case No. 09-10848-A-11
*Substantively consolidated with case no. 09-16750-A-11*

Chapter 11

DC No.　KDG-29

Date:　　April 2, 2010
Time:　　11:00 a.m.
Place:　　U.S. Bankruptcy Court
　　　　　2500 Tulare Street, Fifth Floor
　　　　　Department A, Courtroom 11
　　　　　Fresno, California
Judge:　　Honorable Whitney Rimel

**FINDINGS OF FACT IN SUPPORT OF CONFIRMATION OF
FIRST AMENDED PLAN OF REORGANIZATION DATED
FEBRUARY 12, 2010 FILED BY DEBTOR**

I.　**Introduction**[1]

Confirmation of the *First Amended Plan of Reorganization Dated February 12, 2010* filed by ENNIS HOMES, INC. ("Debtor"), came on for hearing on April 2, 2010, at 11:00 a.m. after notice to Debtor, the United States Trustee, the Securities and Exchange Commission, all creditors, and parties requesting special notice. Appearances were as set forth on the record.

---

[1] The Capitalized terms herein shall have the same meaning as set forth in the First Amended Plan of ~~Reorganiz~~ation Dated February 12, 2010.

1

RECEIVED
May 03, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002604013

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

The Court reviewed the *First Amended Plan of Reorganization Dated February 12, 2010* ("the First Amended Plan"), the *Worksheets for Determining Acceptance of First Amended Plan of Reorganization* submitted by Debtor, the *Memorandum of Points and Authorities in Support of Confirmation of First Amended Plan of Reorganization Filed by Debtor and Response to Objections to Confirmation of Plan filed by Chicago Title Insurance and Certain Homeowners*, the *Declaration of Brian Ennis in Support of Confirmation of First Amended Plan of Reorganization Filed by Debtor*, the *Ballots on First Amended Plan of Reorganization filed by Debtor*, the *Objections of Creditors Chicago Title Insurance Company and Certain Homeowners to Debtors' First Amended Plan of Reorganization* ("the Objection") and considered the comments made on the record by counsel for Debtor and other counsel.

After determining that copies of the First Amended Plan and the First Amended Disclosure Statement approved by the Court had been served on Debtor, the United States Trustee, the Securities and Exchange Commission, all creditors, parties in interest, and parties requesting special notice, the Court makes the following findings as more fully described on the record at the hearing held on April 2, 2010:

## II.    Findings of Fact and Conclusions of Law

1.  The *First Amended Plan of Reorganization Dated February 12, 2010* filed by Debtor complies with the applicable provisions of Chapter 11 of the Bankruptcy Code and meets the requirements of 11 U.S.C. § 1129 as more fully described below;

2.  The First Amended Plan has been proposed in good faith and not by any means forbidden by law;

3.  Any payment made or promised by Debtor or the estate for the services or for costs and expenses incurred in connection with the case, or in connection with the First Amended Plan and incident to the case, have been disclosed to the Court;

4.  Each holder of a claim or interest of an impaired class that has accepted the First Amended Plan has, or will receive or retain under the First Amended Plan, as modified in the *Order Confirming Debtor's First Amended Plan of Reorganization Dated February 12, 2010 and Setting Administrative Bar Dates*, property of a value, as of the Effective date of the Plan,

that is not less than the amount that such holder would receive or retain if the estate was liquidated under Chapter 7 on account of such claim;

5. The First Amended Plan has been accepted by at least one class of claims impaired under the First Amended Plan excluding insiders of Debtor;

6. Confirmation of the First Amended Plan is not likely to be followed by the liquidation or the need for further financial reorganization of Debtor except as proposed in the First Amended Plan; and

7. All required Court and United States Trustee fees will be paid before the Effective Date of the Plan.

8. The First Amended Plan is fair and equitable as it relates to treatment of the following class of claims that are impaired under the First Amended Plan but did not return Ballots or accept the Plan as required by 11 U.S.C. § 1129(a)(8):

| Class Two | State Board of Equalization |
|---|---|
| Class Three | Franchise Tax Board |
| Class Five | Kern County Tax Collector |
| Class Six | Tulare County Tax Collector |
| Class Seven | Fresno County Tax Collector |
| Class Eight | Kings County Tax Collector |
| Class Ten | Wells Fargo Bank |
| Class Eleven | Valley Business Bank – Loan No. 3678 |
| Class Twelve | Valley Business Bank – Loan No. 9287 |
| Class Fourteen | United Security Bank |
| Class Seventeen | Tri Counties Bank |
| Class Eighteen | Bank of the Sierra |
| Class Nineteen | Visalia Community Bank |

9. The First Amended Plan is fair and equitable as it relates to treatment of the following class of claims that are impaired under the First Amended Plan but rejected the First Amended Plan as required by 11 U.S.C. § 1129(a)(8):  Class Twenty-Two claims held by holders of Mechanic's Liens.

10. Chicago Title Insurance Company withdrew its rejection of the First Amended Plan and the Objection.

/ / /

11. Notice of the hearing on confirmation of the First Amended Plan was adequate and, based upon the foregoing, good cause appears for the entry of an Order confirming the Plan.

12. The Court will issue a separate Order confirming the First Amended Plan and setting specified deadlines as set forth in the Plan.

**Respectfully Submitted By:**

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ T. Scott Belden
T. SCOTT BELDEN
Attorneys for Debtor-in-Possession

Dated:

May 04, 2010

_____
United States Bankruptcy Judge

30K6730

4